UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

GREGORY SULLIVAN                    CIVIL ACTION NO. 07-0023

versus                              JUDGE HICKS

CITY OF SHREVEPORT                  MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

This Title VII action was filed by plaintiff without representation by counsel. Plaintiff has filed a **Motion for Appointment of Counsel (Doc. 3)**.

The request for appointment of counsel rests upon 42 U.S.C. § 2000e-5(f)(1), part of Title VII, which provides that "upon application by the complainant and in such circumstances that the court may deem just, the court may appoint an attorney for such complainant." In Casten v. Sears, Roebuck & Co., 556 F.2d 1305 (5th Cir. 1977), the Fifth Circuit set out the factors which should guide the discretion of the district court in determining whether to appoint counsel under the statute. The Court noted at the outset that it could "unhesitatingly conclude that there is no automatic right to appointment of counsel in a Title VII case." Id. at 1309.

The first factor to be considered by the court is the merit of the plaintiff's claim. The administrative determination of the Equal Employment Opportunity Commission (EEOC) is "highly probative," but a determination by the EEOC of no probable cause is not to be given preclusive effect on an application for appointment of counsel. The other factors for consideration are the plaintiff's own efforts to obtain private counsel and plaintiff's financial

ability to do so.

Plaintiff's submissions show that the EEOC did not reach the merits of his charge and issued a notice of right to sue based only upon the passage of 180 days. A review of Plaintiff's allegations shows that Plaintiff is unhappy that he was not selected for various City jobs, but Plaintiff has not made specific allegations that strongly support his claim that the City's decisions were based on race. Plaintiff has made some unsuccessful efforts to retain counsel to represent him. Two very experienced and successful employment-law attorneys declined to accept the case.

Plaintiff represents that he has filed bankruptcy, and a check of records indicates a Chapter 13 proceeding in the local bankruptcy court numbered 05-14490. Accordingly, this Title VII claim may belong to the estate rather than Plaintiff, and any proceeds may have to paid to creditors rather than Plaintiff individually. Furthermore, this claim may be subject to dismissal based on estoppel if it was not properly listed as an asset in the bankruptcy case. See, e.g., Jethroe v. Omnova Solutions, Inc., 412 F.3d 598 (5th Cir. 2005) (Title VII claims dismissed). Those issues need not be addressed further at this point, but they will have to be resolved later in the litigation.

When all of the information contained in Plaintiff's complaint and motion is considered, the court finds that appointment of counsel is not warranted in this case. Accordingly, the motion for appointment of counsel is **DENIED**.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 16th day of January, 2007.

                                                MARK L. HORNSBY
                                      UNITED STATES MAGISTRATE JUDGE